**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5084

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLEMENT JEREMIAH WELLS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-149)

Submitted:  August 22, 2005        Decided:  September 20, 2005

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clement Jeremiah Wells appeals his 180-month sentence imposed following his guilty plea conviction for possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 924(a), 924(e), 922(g) (2000). On appeal, Wells asserts that the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), overruled Almendarez-Torres v. United States, 523 U.S. 224 (1998), requiring prior convictions to be pled in the indictment and submitted to a jury. Accordingly, Wells asserts that the district court violated his Sixth Amendment rights because the facts used to increase his sentence based upon prior convictions were not alleged in the indictment or found by a jury.

Wells' argument fails because even after Booker, the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. United States v. Booker, 125 S. Ct. 738, 756 (2005) ("[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); see United States v. Cheek, 415 F.3d 349 (4th Cir. 2005).

Even assuming that the prior conviction exception no longer applies, Wells' sentence does not violate his Sixth Amendment rights. Wells' indictment states that he was previously convicted of a felony, and also cites § 924(e). Moreover, at his change of plea hearing, the district court informed Wells that under § 924(e) he would be subject to a fifteen-year mandatory minimum sentence. Wells stated that he understood this, and without objecting to the district court's statement that he had several violent or drug trafficking priors, entered a guilty plea to the indictment. Accordingly, because these facts were pled in the indictment, and admitted to as part of a guilty plea, we conclude that there is no Sixth Amendment violation. We therefore affirm Wells' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED