**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6888**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

        v.

CLEMENT JEREMIAH WELLS,

               Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:04-cr-00149-TLW-1)

Submitted:  October 19, 2010          Decided:  October 28, 2010

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Clement Jeremiah Wells, Appellant Pro Se.  Rose Mary Sheppard
Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clement Jeremiah Wells appeals the district court's margin order denying his Rule 60(b) motion to reconsider his conviction and sentence. Wells filed his present Rule 60(b) motion more than four years after this court affirmed his conviction and sentence on direct appeal. See United States v. Wells, 148 F. App'x 174 (4th Cir. 2005) (No. 04-5084). Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), a motion for rehearing or reconsideration in a criminal case extends the time for filing a notice of appeal if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (holding would-be appellant who files timely motion for reconsideration from criminal judgment entitled to full time period for noticing appeal after motion for reconsideration has been decided).

Wells submitted his Rule 60(b) motion well beyond the applicable period of time provided to notice an appeal of the judgment he sought the district court to reconsider. Moreover, Wells received review of the district court's judgment on direct appeal to this court. Furthermore, we have previously affirmed the district's court's order denying an almost identical Rule

2

60(b) motion.  See United States v. Wells, 343 F. App'x 877 (4th Cir. 2009) (No. 09-6783).  Accordingly, we affirm the district court's order denying Well's present Rule 60(b) motion.  See United States v. Wells, No. 4:04-cr-00149-TLW-1 (D.S.C. Jan. 27, 2010).  We also deny Wells' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED