**UNITED STATES of America**

v.

**Omar Ahmed KHADR.**

**CMCR Case No. 07–001.**

United States Court of Military Commission Review.

Sept. 19, 2007.

See also 717 F.Supp.2d 1215, 2007 WL 7264724.

---

---

## RULING ON MOTION TO DISMISS

DAVID R. FRANCIS, Judge.

On August 7, 2007, Appellee filed a Motion to Dismiss all or a portion of the government's appeal because: (1) the appeal was not timely filed with this Court; and (2) the Court's Rules of Practice were not properly promulgated and therefore did not exist when the appeal was filed. Both parties extensively briefed the issues raised by the Motion and it was one of several matters addressed during oral argument to this Court on August 24, 2007.

### PROCEDURAL HISTORY

On June 4, 2007, the military judge in the above-styled case dismissed without prejudice the charges then pending against Appellee.

On June 8, 2007, the prosecution filed a motion with the military judge, asking that he reconsider his June 4, 2007 ruling. The motion inferred a prosecution belief that the time within which to file a government appeal of the military judge's June 4, 2007 ruling would not begin to run until the judge acted on the motion for reconsideration. However, out of an "abundance of caution", the motion for reconsideration asked that the time period for filing an appeal "be tolled pending a decision on [the motion for reconsideration]". By order issued June 8, 2007, the military judge, without ruling on the motion for reconsideration, specifically denied the prosecution

request to toll the appeal period pending his decision on the underlying motion.

On June 29, 2007, the military judge issued an order denying the motion for reconsideration. He appended a copy of his order to the record of trial before authenticating the record on that same date. The order provided two primary reasons for denial. First, the military judge found the prosecution motion failed to meet the threshold requirements for a valid request for reconsideration, in that it presented no new facts or new law. Based on that failure, the military judge, while "elect[ing] to clarify and make clearer the rationale for [his] 4 June 2007 ruling", specifically "decline[d] the opportunity to reconsider". Second, the military judge denied the motion for reconsideration on the merits of the underlying jurisdictional issue. Based on the language used, it is evident the military judge's ruling on the merits was intended to be provisional, issued in the interest of judicial economy in the event a higher court found his refusal to reconsider erroneous. The military judge authenticated the record of trial that same date, after first appending his order denying the motion for reconsideration.

On July 3, 2007, the prosecution filed a Certificate of Notice of Appeal, notifying the military judge the government was appealing his dismissal of the case.

On July 4, 2007, the prosecution filed an interlocutory appeal with this Court, challenging the military judge's dismissal of the case below.

## TIMELINESS OF APPEAL

The Military Commissions Act (hereinafter referred to as the "M.C.A." or "Act") requires that notice of a government interlocutory appeal of an adverse order or ruling by a military judge be filed with the judge "within five days after the date of such order or ruling." 10 U.S.C. § 950d(b). This statutory requirement is reiterated in the Manual for Military Commissions (January 18, 2007) and in the Regulation for Trial by Military Commissions (April 27, 2007), both of which were promulgated by the Department of Defense to implement the M.C.A. Rule for Military Commissions (R.M.C.) 908(b)(2); Regulation for Trial by Military Commissions, ¶ 25–5b.

Applying these statutory and regulatory provisions, and relying on the Supreme Court's decision in *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), the military judge determined, and Appellee asserts, that the five-day statutory appeal period cannot be extended by the military judge. Accordingly, Appellee argues that, to be timely, any appeal by the United States of the judge's June 4, 2007 dismissal order must have been filed within five days of that date.

Neither the military judge nor any higher court, including this one, can extend the five-day statutory limitation established by the M.C.A. for filing a government interlocutory appeal from a final order or ruling by a military judge. The Supreme Court "has long held that the taking of an appeal within the time prescribed is 'mandatory and jurisdictional'". *Bowles*, 551 U.S. at 209–210, 127 S.Ct. at 2363–2364 (citations omitted). The Supreme Court enforces such time limits by refusing to accept appeals and writs itself, and upon lower courts through appropriate orders. *Id.* However, the issue presented by the circumstances of the case *sub judice* is not whether the time period within which to appeal can be extended. The issue here is when that appeal period starts to run if the government has submitted a motion for reconsideration of the underlying order or ruling.

■ The M.C.A. does not address the impact of a motion for reconsideration on the time limitation for the United States to

appeal. In the absence of an explicit statutory direction to depart from the ordinary judicial treatment of a request for reconsideration at the trial level, we will follow the Supreme Court's decision in *United States v. Ibarra*, 502 U.S. 1, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991). *Ibarra* held that a timely motion renders the underlying order or ruling "nonfinal for purposes of appeal as long as the petition is pending." 502 U.S. at 4, 112 S.Ct. 4 (quoting from *United States v. Dieter*, 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976)). Treating orders as nonfinal for purposes of review during the pendency of a motion for reconsideration promotes judicial economy because "there is always a possibility that the order complained of will be modified in a way which renders [appellate] review unnecessary." *Stone v. INS*, 514 U.S. 386, 392, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (citation omitted). We decline to adopt Appellee's suggestion for application of a different rule to M.C.A. proceedings.[1]

The provisions of the Manual for Military Commissions concerning rulings by the military judge are consistent with the principle enunciated in Ibarra. R.M.C. 801(e)(1)(A) indicates that a military judge's ruling on a question of law or interlocutory matter is "final." However, the very next section states that, with one exception not here applicable, the judge may change his ruling "at any time during the trial." R.M.C. 801(e)(1)(B). Similarly, R.M.C. 905(f) provides that "[o]n request of any party or sua sponte, the military judge may, prior to authentication of the record of trial, reconsider any ruling, other than one amounting to a finding of not guilty, made by the military judge." For these provisions to have any meaningful effect, the underlying order logically must be deemed "nonfinal" for purposes of appeal while a timely reconsideration request is pending. To hold otherwise would force the United States to appeal an order even though the judge who issued it was still in the process of reconsidering or risk losing its right to appeal altogether. That type of Hobbesian choice, and the resulting inefficiencies to the judicial process, is the very problem sought to be avoided by the ruling in *Ibarra*, 502 U.S. at 4, 112 S.Ct. 4.

█ In this case, the government's motion for reconsideration of the military judge's dismissal order was filed on June 8, 2007, only four days after the order was entered and well before the military judge's authentication of the record on June 29, 2007. As a result, the judge's original dismissal order was not "final" until he ruled on the motion for reconsideration on June 29, 2007, which in turn started the five-day clock for filing a government appeal. Since the government's appeal was filed July 4, 2007, it met the five-day statutory deadline.

We find no merit in Appellee's argument that, because the military judge, in his June 29, 2007 ruling, specifically refused to reconsider his June 4, 2007 ruling, the start of the time within which to submit a government appeal reverted back to that earlier date. Whether the military judge refused to reconsider his original ruling or reconsidered and declined to change it, the impact on the government was the same— it was in limbo until the judge ruled on its

---

1. We are not persuaded by Appellee's argument that the Supreme Court's ruling in *Ibarra* addressed a "regulatory" versus a "statutory" appeal limitation and is therefore not controlling. Although the appeal period there at issue was also contained in Fed. R. Appellate Procedure 4(b), it was based on the identical time limitation specifically established by 18 U.S.C. § 3731, and was thus statutorily based. Contrary to the Appellee's assertion, Congress' inclusion of a provision in that statute indicating that "[t]he provisions of this section shall be liberally construed to effectuate its purposes", does not make the appeal period set forth therein any less binding than the appeal period at issue in the current case.

motion and could not know until the June 29, 2007 ruling was issued whether there was anything to appeal.

■ We also attach no legal significance to the military judge's order of June 8, 2007 specifically denying the prosecution request to "toll" the appeal period pending his decision on the underlying motion. First, as the Supreme Court made clear in *Ibarra*, filing a timely motion for reconsideration does not "toll" the running of the statutory appeal period, but simply renders the underlying order nonfinal until the court rules on the motion. The distinction is an important one, because it impacts the amount of time available to appeal after action on the motion for reconsideration is taken. *Ibarra*, 502 U.S. at 3, 112 S.Ct. 4. Second, as evident from the result in *Ibarra*, operation of the legal principle enunciated in that case does not depend on whether the government, in connection with a motion for reconsideration, has requested "tolling" of an appeal period, or on the military judge's decision to grant or deny such a request. Rather, the underlying order is rendered nonfinal by operation of law while a timely motion for reconsideration is pending.

## VALIDITY OF COURT RULES

In addition to requiring that any government appeal be filed within five days of a final adverse order or ruling, the M.C.A. provides that such appeals "shall be forwarded, by means specified in regulations prescribed [by] the Secretary of Defense, directly to the Court of Military Commission Review." 10 U.S.C. § 950d(c). This requirement is carried forward into the Department of Defense implementing regulations through R.M.C. 908(b)(3) & (11) and Regulation for Trial by Military Commissions, ¶ 25–5c. The same implementing regulations specify how the procedures for appellate review used by the Court of Military Commission Review are to be created. Specifically, R.M.C. 1201(b)(4) pro-

vides, "In consultation with the other appellate military judges of the Court of Military Commission Review, and subject to the review and approval of the Secretary, the Chief Judge shall prescribe procedures for appellate review by the Court of Military Commission Review." Regulation for Trial by Military Commissions, ¶ 25–3, similarly states, "The Chief Judge of the CMCR [Court of Military Commission Review], in consultation with other members of the CMCR, shall issue operating guidelines for the CMCR consistent with the [Military Commissions Act, the Manual for Military Commissions] and this Regulation."

■ Appellee asserts that the rules of appellate procedure (hereinafter Court Rules or Rules of Practice) adopted by this Court at the time of Appellant's appeal were not properly promulgated and were therefore invalid. Further, because those Court Rules were invalid, Appellant's appeal, filed under those rules, cannot have been filed in accordance with "regulations prescribed [by] the Secretary of Defense" as prescribed in the statute. Appellee argues the appeal itself is therefore invalid and must be dismissed.

■ The basic issue presented is whether a perceived flaw in the adoption of internal rules of appellate procedure by a newly created appellate court precludes exercise of a statutory right of appeal from a lower court decision. We conclude it does not, drawing guidance from Supreme Court precedents in cases addressing changes to existing court rules. The Supreme Court, in a variety of contexts, has consistently held that procedural rules adopted for the orderly transaction of court business are not jurisdictional in nature. *See, e.g., Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); *Schacht v. United States*, 398 U.S. 58, 64, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970);

*Am. Farm Lines v. Black Ball Freight Service,* 397 U.S. 532, 539, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970). As a result, discretionary changes to such rules are "not reviewable except upon a showing of substantial prejudice to the complaining party." *Am. Farm Lines, Id.* Applying this same rationale to the circumstances of this case, we find no merit in Appellee's assertion that errors in the procedure used to formulate this Court's Rules of Practice, if they occurred, preclude consideration of Appellant's appeal.

In reaching this holding, we recognize that statutory restrictions take precedence over discretionary procedural rules prescribed by a court for the orderly transaction of business. *Hibbs v. Winn,* 542 U.S. 88, 99, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004). However, nothing within the body of this Court's Rules of Practice conflicts with the requirements imposed by the M.C.A. Moreover, the M.C.A.'s general statutory requirement for this Court to adopt rules of appellate procedure in accordance with regulations promulgated by the Department of Defense cannot override the substantive rights and obligations afforded the parties by the same statute. Appellee does not suggest, nor would it be reasonable to do so, that an accused convicted and sentenced by a Military Commission could be deprived of the statutory right of appeal guaranteed him by 10 U.S.C. § 950c because of delays or perceived errors in the establishment of the court designated to hear his appeal or in the creation of such court's procedural rules of practice. In such a situation, the substantive rights afforded by the statute would clearly take precedence. The same holds true for the statutory right of appeal afforded the United States under 10 U.S.C. § 950d.

Appellee has made no showing, or even assertion, of substantial prejudice from the operation of any of this Court's Rules of Practice, nor does the record support a finding of prejudice. Most of the Rules of Practice are purely procedural in nature, addressing items such as the length and format of appellate briefs, the procedures for oral argument, or the admission and conduct of counsel. Any substantive provisions, such as Rule 2, addressing jurisdiction of the Court, or Rule 13, addressing waiver or withdrawal of appellate review, simply restate the requirements of the M.C.A., the Manual for Military Commissions, or the Regulations for Trial by Military Commission. Moreover, as an additional measure to ensure compliance with the M.C.A. and promulgating regulations, Rule 1(b) provides that in the event of a conflict between the Rules of Practice and the statute or the Manual for Military Commissions, the statute and Manual control. Finally, Rule 1(c) permits a party to seek suspension of any of the rules upon a showing of good cause. If Appellee believed that any particular Rule of Practice imposed a prejudicial hardship under the circumstances of this case, he could have requested suspension of that rule. We have received no such request.

Beyond the above, we in any event find no actual defect in the promulgation of this Court's Rules of Practice. Appellee raises three main assertions in support of his argument that the process used in establishing this Court's Rules of Practice was flawed: 1) the rules were issued without the required review and approval by the Secretary of Defense; 2) the Rules were promulgated by the Deputy Chief Judge, who was not authorized to do so; and 3) nothing establishes that the Deputy Chief Judge conducted the required consultation with this Court's other Judges before purporting to approve and promulgate the rules. We address each argument in turn.

### Secretarial Review and Approval

On December 1, 2006, Secretary of Defense Rumsfeld appointed former Attorney General Griffin Bell as a judge on the United States Court of Military Commission Review. Attachment A to Appellee's Motion of July 19, 2007. On May 8, 2007, Deputy Secretary of Defense England appointed Captain John Rolph, Chief Judge of the Navy–Marine Corps Court of Criminal Appeals, as a judge on the United States Court of Military Commission Review. Attachment B to Appellee's Motion of July 19, 2007.

On June 15, 2007, Deputy Secretary of Defense England created the position of Deputy Chief Judge of the United States Court of Military Commission Review, "to provide continuity of operations." Attachment D to Appellee's Motion of July 19, 2007. The Deputy Chief Judge was authorized "full discretion to exercise all authority vested in the Chief Judge, except as otherwise directed by the Chief Judge." *Id.* Former Attorney General Griffin Bell was appointed Chief Judge and Captain John Rolph was appointed Deputy Chief Judge in that same Action Memo. *Id.*

Deputy Chief Judge Rolph completed coordination of the Court's Rules of Practice with the other United States Court of Military Commission Judges, and issued a notice promulgating this Court's Rules of Practice on June 28, 2007, with an effective date of June 27, 2007. *See* Appellant's Opposition to Appellee's Motion to Dismiss, August 13, 2007, and this Court's Ruling on Motions to Attach and Disclosure, August 14, 2007. On June 29, 2007, the Court's Rules were sent to the Department of Defense Office of General Counsel to be transmitted to the Secretary of Defense. On August 9, 2007, the Deputy Secretary of Defense approved the Court's Rules of Practice. *See* Appellant's Motion to Attach, August 13, 2007, and this Court's Ruling on Motions to Attach and Disclosure, August 14, 2007.

Judge Bell became available to act as Chief Judge on August 17, 2007. On August 20, 2007, he ratified the same Rules of Practice for the United States Court of Military Commission Review that Deputy Chief Judge Rolph promulgated and prescribed on June 28, 2007. Chief Judge Bell stated, "These Rules shall apply to all matters and cases that may currently be docketed with (or pending before) the Court, and to all matters and cases that may come before the Court after this date of promulgation." On August 20, 2007, Chief Judge Bell sent those Rules for review and approval of the Secretary of Defense. Appellee subsequently filed documents with the Court, and oral argument occurred on August 24, 2007. Appellee has not requested an exception to the Rules as permitted under Rule 1(c), or proposed any changes to the Rules.

■ Appellee argues that the Deputy Secretary of Defense's action was ineffective, in that the M.C.A. and R.M.C. 1201(b)(4) required Secretary of Defense approval of the Rules. He further asserts that the Deputy Secretary's action was in any event too late, as it was not in place at the time Appellant's appeal was filed on July 4, 2007.

10 U.S.C. § 113 legislates the duties and responsibilities of the Secretary of Defense. Subsection (d) of that statute provides that "[u]nless specifically prohibited by law, the Secretary may, without being relieved of his responsibility, perform any of his functions or duties, or exercise any of his powers through, or with the aid of, such persons in, or organizations of, the Department of Defense as he may designate." Acting pursuant to this authority, the Secretary of Defense has delegated to the Deputy Secretary of Defense the "full power and authority to act for the Secre-

tary of Defense and to exercise the powers of the Secretary of Defense upon any and all matters concerning which the Secretary of Defense is authorized to act", except as "expressly prohibited by law." Department of Defense Directive 5105.02, *Deputy Secretary of Defense*, (February 26, 2007), ¶ 1.2. The Deputy Secretary of Defense is authorized to make specific further delegations as necessary, *Id.* at ¶ 1.2, such as to the Chief Judge and Deputy Chief Judge of this Court. Nothing in the M.C.A., the Manual for Military Commissions, or the Regulation for Trial by Military Commissions specifically or expressly limits the authority of the Deputy Secretary of Defense to exercise that delegated authority with respect to matters affecting military commissions.[2] Accordingly, the Deputy Secretary had full power and authority to review and approve the Court's Rules of Practice.

The fact that the Deputy Secretary of Defense did not complete his review and approval until August 9, 2007, well after Appellant's July 4, 2007 appeal was filed, is of no legal significance. Although R.M.C. 1201(b)(4) indicates that the Court's rules are "subject to review and approval", the words "subject to" do not necessarily mean "prior to operation of" such rules. Nothing in the M.C.A., the Manual for Military Commissions, or the Regulation for Trial by Military Commissions specifies that the required review and approval must occur before an appeal is filed, or even before the rules themselves can go into effect. Indeed, because the right to appeal afforded the United States under 10 U.S.C. § 950d, like the right of appeal afforded Appellee by 10 U.S.C. § 950c, is statutorily based, requiring approved procedural rules

of this Court to be in place as a condition of an effective appeal would do violence to that statutory right and be legally untenable.

### Role of Deputy Chief Judge

■ Appellee argues that Deputy Chief Judge Rolph had no authority to promulgate the Court's Rules of Practice because: 1) he was improperly appointed to the Court by the Deputy Secretary of Defense, who had no authority to do so; 2) the position of "Deputy Chief Judge" did not properly exist; and 3) authority to promulgate Court rules of procedure rests with the Chief Judge.

Based on the Secretary of Defense's delegation of authority to the Deputy Secretary of Defense discussed above, and as further detailed in this Court's separate ruling on Appellee's Motion to Abate, we find the Deputy Secretary of Defense has authority to appoint judges to the Court of Military Commission Review. Accordingly, Deputy Chief Judge Rolph was properly appointed to the Court.

We find no legal defect in the designation of Judge Rolph as "Deputy Chief Judge". The M.C.A. requires the Secretary of Defense to establish a Court of Military Commission Review, but sets only very broad guidelines as to the composition of the Court and its operation. 10 U.S.C. § 950f. Beyond those broad guidelines, details of the Court's structure and operation are left to the discretion of the Secretary. Further, the statute itself makes no mention of the position of Chief Judge. That designation appears only in the Manual for Military Commissions and the Regulation for Trial by Military Commission. Neither publication expressly

---

**2.** Contrary to the Appellee's assertion at oral argument, we find no meaningful distinction between "expressly" and "specifically" for purposes of this issue. Both terms preclude limitation of the Deputy Secretary of De-

fense's delegated power through the "inferences" drawn by the Appellee from the language of the M.C.A.—none of which this Court gleans from its reading of the Act.

precludes the additional appointment of a Deputy Chief Judge. Moreover, given the responsibilities of this Court, appointment of a Deputy Chief Judge to assist in the efficient operation of the Court is both reasonable and prudent. Such action was well within the authority of the Deputy Secretary of Defense, acting pursuant to his delegation from the Secretary of Defense.

We also find no error in the action taken by the Deputy Chief Judge, rather than the Chief Judge, to promulgate the initial iteration of this Court's Rules of Practice. As Appellee notes, both the Manual for Military Commissions and the Regulation for Trial by Military Commissions specify that the Chief Judge will promulgate the Court's rules. However, that requirement is purely regulatory, and is not set forth in the statute itself. As a result, it was and is subject to deviation by the same authority which created the requirement, i.e., either the Secretary of Defense or the Deputy Secretary of Defense, acting under the authority delegated to him by the Secretary. The action appointing Judge Rolph as Deputy Chief Judge gave him "full discretion to exercise all authority vested in the Chief Judge, except as otherwise directed by the Chief Judge." Attachment D to Appellee's Motion of July 19, 2007. That broad authority clearly was sufficient to encompass the task of promulgating this Court's initial Rules of Practice. Further, the Action Memorandum endorsed by the Deputy Secretary of Defense approving the Court's Rules of Practice clearly indicated on its face that the rules had been promulgated by Judge Rolph in his position as Deputy Chief Judge. The Deputy Secretary of Defense's endorsement of that action thus implicitly approved the deviation from the regulatory requirement

that such rules be established by the Chief Judge. This minor deviation from the requirements of the regulations implementing the M.C.A. does not in our view constitute a "change" to those regulations within the meaning of 10 U.S.C. § 949a(d), which would otherwise trigger a requirement for Congressional notification.[3] Finally, we note that the Chief Judge, by memorandum of August 20, 2007, specifically ratified the Rules of Practice previously promulgated by the Deputy Chief Judge, thereby effectively mooting this issue. *See* Memorandum from Chief Judge to Secretary of Defense re: Ratification of Rules of Practice for United States Court of Military Commission review, available for review at *http://www.defenselink.mil/news/ courtofmilitarycommissionreview.html.*

### Consultation Requirement

■ Subsequent to the date of the Appellee's Motion to Dismiss, in response to a separate Appellee Motion for Judicial Disclosure, the Court issued notice to the parties that prior to Deputy Chief Judge Rolph's promulgation of the Rules of Practice, consultation with the other Judges occurred through e-mail exchanges, telephone conversations, and in-person discussion. *See* Ruling on Motions to Attach and Disclosure, August 14, 2007. Such consultations satisfy the requirements of R.M.C. 1201(b)(4) and the Regulation for Trial by Military Commission, ¶ 25–3.

### ORDERED

After review and consideration of Appellee's Motion to Dismiss, Appellant's Opposition, Appellee's Response to Appellant's Opposition, the Record of Trial by Military Commission and oral argument of the par-

---

**3.** The Court has not inquired, and the parties have not provided evidence, as to Department of Defense notification to Congress concerning the Rules of Practice or other documentation concerning the Court's establishment.

ties, Appellee's Motion to Dismiss is **DE-NIED.**

Deputy Chief Judge ROLPH did not participate in ruling on this motion.