**YAN YU YANG,[1] Petitioner,**

**v.**

---

**1.** Petitioner has also been known as Yu Yan Yang, Yanyu yang, Yang Yan Yu, Yanyun Yang, and Yan–Yu Yang.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 07–4031–ag.

United States Court of Appeals, Second Circuit.

May 28, 2008.

Dehai Zhang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Stephen J. Flynn, Senior Litigation Counsel; Anh–Thu P. Mai, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Yu Yang, a native and citizen of the People's Republic of China, seeks review of the August 23, 2007 order of the BIA denying her motion to reopen. *In re Yan Yu Yang,* No. A77 292 825 (B.I.A. Aug. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of

a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)); *see also INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted).

We find that the BIA did not abuse its discretion in denying Yang's motion to reopen as untimely. As the BIA noted, its prior decision was issued in May 2003, but Yang did not file her motion until December 2006, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Yang's motion did not qualify for an exception to the time limitation. *See id.* It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir.2006) ("[I]t would be ironic, indeed, if petitioners like Wang, who have remained in the United States illegal-ly following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").

Furthermore, the BIA did not abuse its discretion in concluding that Yang failed to provide sufficient evidence to demonstrate changed country conditions in China.[2] Our review of the BIA's conclusions with respect to evidence of country conditions in China is highly deferential. As we have held, "the BIA possesses far more relevant expertise than we do ... Its regular inter-action with aliens seeking asylum in the United States, particularly those claiming persecution at the hands of China's family planning authorities, provides a more substantial background for these decisions than does even our heavy immigration caseload." *Jian Hui Shao v. BIA,* 465 F.3d 497, 502 (2d Cir.2006); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 186–87 (2d Cir.2006) ("Fact-finders in immigration cases command no lesser deference" than other agencies acting in their expert capacity). In support of her motion, Yang submitted the oft-cited Aird affidavit, dated more than two years before she had her first child. She also submitted a document from the General Office of the State Population and Family Planning Commission that discussed the case of Zhen Yuhe, a

---

**2.** Yang's argument that the BIA abused its discretion by failing to consider her evidence is unavailing. Despite Yang's failure to make any argument in her motion concerning the evidence she submitted, the BIA specifically listed that evidence and noted that it had conducted its "own review of the documents." *Cf. Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (remanding where the BIA failed to consider "self-evidently material" evidence). We have previously opined that the BIA may summarily consider evidence, especially evidence that is frequently submitted, without this Court presuming that it has abused its discretion. *See Wei Guang Wang,* 437 F.3d at 275. This is especially true where, as here, the movant in a counseled motion makes a bare assertion that country conditions have changed, presents over 100 pages of evidence, and assumes that the BIA will sift through that evidence and make her argument for her.

Chinese national unrelated to Yang. The BIA found that it had previously considered similar evidence to that which Yang submitted and concluded that such evidence was insufficient to establish changed country conditions.

We have reviewed the BIA's consideration of such evidence in the context of an untimely motion to reopen and have found no abuse of discretion in the BIA's conclusion that such evidence was insufficient to establish changed conditions in China. *See, e.g., Wei Guang Wang,* 437 F.3d at 275 (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"); *Jian Huan Guan v. BIA,* 345 F.3d 47 (2d Cir.2003) (holding that the BIA did not abuse its discretion in denying a petitioner's untimely motion to reopen where petitioner submitted proof of the birth of her two sons, a letter from her parents warning of the danger of forced sterilization, and a purported sterilization certificate for her cousin who allegedly also had two children). We similarly find no abuse of discretion here where the BIA evaluated Yang's evidence without the benefit of any specific argument on Yang's part as to what that evidence showed.

Finally, the BIA found that Yang's evidence was contradicted by a January 2007 letter from the State Department, which stated that it was not aware of a mandatory policy of forced sterilization. The BIA properly found that this letter was persuasive evidence, noting that it postdated the evidence Yang submitted. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). While Yang argues that her evidence was more reliable than the State Department letter, we have held that the weight afforded to evidence lies largely within the agency's discretion. *See Xiao Ji Chen v. U.S.* *Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006). For these reasons, we conclude that the BIA did not abuse its discretion in denying Yang's motion to reopen. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (holding that absent solid support in the record, fear of sterilization is "speculative at best").

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).