**UNITED STATES COURT OF APPEALS**

**February 10, 2014**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

KENNETH RAYFORD,

        Defendant - Appellant.

No. 13-3093
(D.C. Nos. 2:12-CV-02191-CM and
2:09-CR-20143-CM-1)
(D. Kansas)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

This matter is before the court on Kenneth Rayford's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Rayford seeks a COA so he can appeal two discrete district court orders: (1) the

merits-based denial of his 28 U.S.C. § 2255 motion and (2) the dismissal of his

Fed. R. Civ. P. 59(e) motion for reconsideration on the ground the request for

reconsideration was actually an improper second or successive § 2255 motion.

*See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal is allowed from a "final

order in a proceeding under section 2255" unless the movant first obtains a COA).

This court **grants** Rayford's request to proceed on appeal *in forma pauperis*.

Nevertheless, because he has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** Rayford's request for a COA and **dismisses** this appeal.[1]

Rayford pleaded guilty to two counts of bank robbery, one count of attempted bank robbery, and one count of carrying or using a firearm during and in relation to the attempted bank robbery. *United States v. Rayford*, 466 F. App'x 687, 687-88 (10th Cir. 2011). On direct appeal, this court affirmed the substantive reasonableness of the 168-month sentence of imprisonment imposed by the district court. *Id.* at 692. Thereafter, Rayford filed the instant, timely § 2255 motion, asserting his trial counsel was ineffective because he failed to seek suppression of evidence obtained when the government attached to his car, without a warrant, a satellite tracking device. In support of this assertion, Rayford cited the Supreme Court's recent decision in *United States v. Jones*, 132 S. Ct. 945 (2012) (holding that attachment of a satellite tracking device to an individual's vehicle, and the subsequent use of that device to monitor the vehicle's movements on public streets, constitutes a search or seizure). Applying the familiar paradigm set out by the Supreme Court in *Strickland v. Washington*,

---

[1]Rayford timely filed his notice of appeal within sixty days of the district court's disposition of his Rule 59(e) motion. Thus, this court has appellate jurisdiction to consider Rayford's request for a COA as to both dispositions identified above. Fed. R. App. P. 4(a)(4). This is true even though, as explained *infra*, the district court properly construed Rayford's Rule 59(e) motion as an improper second or successive habeas petition. *Cf. United States v. Ibarra*, 502 U.S. 1, 6-7 (1991).

466 U.S. 668 (1984), the district court concluded Rayford was not entitled to

collateral relief. In particular, the district court concluded Rayford could not

demonstrate his counsel had performed deficiently because *Jones* was not decided

until well after the completion of Rayford's trial-court proceedings and it was not

reasonable to expect counsel to anticipate the *Jones* decision.[2]

_____

[2]In so concluding, the district court reasoned as follows:

> [A]t the time [Rayford's] case was pending before this court, counsel did not have the benefit of *Jones*'s guidance. In fact, counsel had very little guidance at all. While Circuits were beginning to weigh in on the propriety of using GPS devices to track vehicle movements, the majority of those considering the issue found contrary to *Jones* based on the application of existing Supreme Court law. *See United States v. Marquez*, 605 F.3d 604, 609-10 (8th Cir. May 21, 2010) (finding no warrant necessary to install a GPS device on a vehicle for a reasonable time period); *United States v. Pineda-Moreno*, 591 F.3d 1212, 1216-17 (9th Cir. Jan. 11, 2010) (holding the use of a GPS on a vehicle for four months did not violate the Fourth Amendment); *United States v. Garcia*, 474 F.3d 994, 996–98 (7th Cir. 2007) (holding no warrant required to use a GPS to track a vehicle); *see also United States v. Hernandez*, 647 F.3d 216 (5th Cir. 2011) (holding that the use of a GPS that was not being used to continuously monitor the defendant was not a search, but decided well after the defendant in this case was sentenced). *But see United States v. Maynard*, 615 F.3d 544 (D.C. Cir. Aug. 6, 2010) (holding that using a GPS for 28 days to monitor the defendant's movements was unconstitutional, but decided after the defendant in this case entered his guilty plea). The Tenth Circuit had not addressed the issue, but the Supreme Court in *United States v. Knotts* had held that "a person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another." 460 U.S. 276, 281 (1983). This was the state of the case law around the time defense counsel was making strategic decisions about representing [Rayford] in this case.

(continued...)

In response to the district court's denial of his § 2255 motion, Rayford filed a Fed. R. Civ. P. 59(e) motion for reconsideration. In his Rule 59(e) motion, Rayford asserted the district court erred in denying his § 2255 motion and that this court's decision in *United States v. Shovea*, 580 F.2d 1382 (1978), made the district court's error manifest.[3] Rayford further asserted that because he had cited *Shovea* in his original § 2255 motion and the district court failed to discuss the case, the district court should reconsider its denial of the § 2255 motion.

The district court concluded Rayford's motion for reconsideration was properly characterized as a second or successive habeas petition because it reasserted a basis for relief from Rayford's convictions that would lead "'inextricably to a merits-based attack on the disposition of [his] prior habeas petition.'" District Ct. Order of March 25, 2013, at 2 (quoting *Spitznas v. Boone*,

---

[2](...continued)
An attorney does not provide ineffective representation when he or she "fail[s] to predict future law." *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (quotation omitted) . . . .

District Ct. Order of December 13, 2012, at 2-3.

[3]Rayford's arguments regarding *Shovea* are well off the mark. The *Shovea* court specifically declined to decide whether "the installation of an electronic tracking device on a motor vehicle was a search or seizure within the protection of the Fourth Amendment" because it was "convinced the intrusion . . . , assuming arguendo that it is a search or seizure within the ambit of the Fourth Amendment, was justified by probable cause and exigent circumstances." 580 F.2d at 1387. Thus, *Shovea* does not support Rayford's assertion his counsel performed deficiently when he failed to file a suppression motion prior to Rayford's decision to enter a guilty plea.

464 F.3d 1213, 1216 (10th Cir. 2006) (setting out standard for determining whether purported Fed. R. Civ. P. 60(b) motions are actually second or successive motions or petitions)); *see also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (holding standards set out in *Spitznas* apply to Rule 59(e) motions). Concluding it lacked jurisdiction to consider Rayford's motion for reconsideration because Rayford had not obtained prior approval from this court to file such a motion, 28 U.S.C. § 2255(h), the district court moved on to consider whether it was appropriate to transfer the motion to this court. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); 28 U.S.C. § 1631. Concluding such a transfer was not in the interests of justice, the district court dismissed the motion for reconsideration for lack of jurisdiction. *Cline*, 531 F.3d at 1251.

The granting of a COA is a jurisdictional prerequisite to Rayford's appeal from the denial of his § 2255 motion and dismissal of his motion for reconsideration. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Rayford must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Rayford has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal]

framework" applicable to each of his claims. *Id.* at 338. Although Rayford need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Rayford's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Rayford is not entitled to a COA. The district court's resolution of Rayford's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Likewise, it is beyond debate that Rayford's purported Rule 59(e) motion was, in actuality, a second or successive § 2255 motion. Accordingly, this court **DENIES** Rayford's request for a COA and **DISMISSES** this appeal. All of Rayford's numerous outstanding motions are hereby **DENIED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge