**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TORRENCE JAMES,

    Defendant - Appellant.

No. 16-1029
(D.C. Nos. 1:14-CV-01234-WYD &
1:06-CR-00244-WYD-7)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Torrence James, a federal prisoner proceeding pro se,[1] requests a certificate of

appealability (COA) to appeal the district court's denial of his motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255, as well as the court's

subsequent dismissal of his motion to reconsider. We deny his request for a COA

and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe James' pro se filings, but we hold him to the same rules
of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*,
425 F.3d 836, 840 (10th Cir. 2005).

## I. Background

James pled guilty to two felonies in connection with a scheme to fraudulently obtain mortgage loans to purchase homes. The district court originally sentenced James to 151 months in prison, but this sentence was vacated on appeal and the case remanded for resentencing. *See United States v. James*, 592 F.3d 1109, 1116 (10th Cir. 2010) (*James I*). On remand, the district court resentenced James to 108 months in prison. James appealed the new sentence to no avail. *See United States v. James*, 556 F. App'x 711, 721 (10th Cir. 2014) (*James II*). After his second appeal, James filed a motion to vacate, set aside, or correct his sentence under § 2255, which the district court denied. James filed a timely motion for reconsideration under Fed. R. Civ. P. 60(b), which the district court construed as a second or successive § 2255 motion and dismissed for lack of jurisdiction.

James seeks a COA in order to challenge the district court's order denying his original § 2255 motion and its order dismissing his motion to reconsider. He also requests to proceed without prepayment of fees.

## II. Jurisdiction

As an initial matter, we conclude we have jurisdiction to consider James' request for a COA as to both the denial of his original § 2255 motion and the dismissal of his motion to reconsider. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) ("we have an independent duty to examine our own jurisdiction"). James timely filed his notice of appeal after the court dismissed his motion to reconsider. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (if a party files a motion for

2

relief under Fed. R. Civ. P. 60 within 28 days after judgment is entered, which James did here, the time to file an appeal runs from the entry of the order disposing of the motion).  Although, as we explain below, the district court properly construed James' motion to reconsider as a second or successive § 2255 motion, we conclude it was sufficient to postpone the time in which to appeal.  *See United States v. Rayford*, 556 F. App'x 678, 679 n.1 (10th Cir. 2014) (unpublished); *cf. United States v. Ibarra*, 502 U.S. 1, 6-7 (1991) (even a meritless motion to reconsider postpones the time to appeal until the court disposes of the motion; "[w]ithout [this] clear general rule litigants would be required to guess at their peril the date on which the time to appeal commences to run").

### III. COA

James must obtain a COA before he can appeal the denial of his § 2255 motion or the dismissal of an unauthorized successive § 2255 motion.  *See* 28 U.S.C. § 2253(c)(1)(B).  This requires "a substantial showing of the denial of a constitutional right."  *Id*. at § 2253(c)(2).  Because the district court denied James' original § 2255 motion on the merits, James must demonstrate that reasonable jurists could debate whether the motion should have been granted or that the issues presented deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

James first argues the district court should have granted his original § 2255 motion.  Specifically, he argues the district court erred by failing to reduce his sentence further on remand because the two-level sentence enhancement for offenses

3

with ten or more victims, *see* U.S. Sentencing Guidelines Manual § 2B1.1(b)(2)(A)(i) (U.S. Sentencing Comm'n 2016), does not apply. But this court rejected the same argument in James' second appeal, holding that the number of victims and resulting enhancement was the law of the case and went unchallenged in James' first appeal. *See James II*, 556 F. App'x at 717-19. The district court correctly held that he may not raise the issue again in a § 2255 motion. *See United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996).

James next argues the district court should have construed his original § 2255 motion to include an ineffective assistance of counsel claim. James acknowledges he did not explicitly allege his attorney was ineffective in his original motion, but argues such a claim was implicit in his description of the purported errors he wished to challenge. Contrary to James' suggestion, not all errors are due to ineffective assistance of counsel. Even a liberal reading of James' § 2255 motion reveals no allegation that his attorney's performance was deficient or that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (describing the two-part showing required to prevail on an ineffective assistance claim). The district court could not consider a claim James did not present. *See Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) (the court cannot "rewrite a petition to include claims that were never presented").

Finally, James argues the district court erred by construing his motion to reconsider as a second or successive § 2255 motion. A court should construe a motion for relief under Fed. R. Civ. P. 60(b) as a second or successive § 2255 motion

4

if it seeks to add a new claim, which includes attacking the "court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis omitted).

> Conversely, . . . a "true" 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted). James' motion to reconsider does not challenge a procedural ruling by the district court or the integrity of the § 2255 proceeding. Rather, it seeks to add a new claim by "ask[ing] th[e] [c]ourt to insert Ineffective Assistance of Counsel to the § 2255 at issue." R. at 94. We therefore agree with the district court that James' motion to reconsider was an unauthorized second or successive § 2255 motion.

Reasonable jurists could not debate the district court's resolution of James' original § 2255 motion. Nor could reasonable jurists debate the court's procedural ruling to treat James' motion to reconsider as an unauthorized successive § 2255 motion and dismiss it for lack of jurisdiction. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore deny James' request for a COA.

## IV. Conclusion

We deny James' request for a COA and dismiss this matter. We grant James'

5

motion to proceed on appeal without prepayment of fees, but remind him of his obligation to make partial payments until the filing fee has been paid in full.

Entered for the Court

Timothy M. Tymkovich
Chief Judge