# UNITED STATES *v.* IBARRA

No. 90–1713.   Decided October 15, 1991

PER CURIAM.

The United States District Court for the District of Wyoming ordered that certain evidence which the Government proposed to use in respondent's pending criminal trial be suppressed. The Government appealed the order to the Court of Appeals for the Tenth Circuit, but that court dismissed the Government's appeal. It held that the 30-day period in which to file an appeal began to run on the date of the District Court's original suppression order, rather than on the date the District Court denied the Government's motion for reconsideration. 920 F. 2d 702 (1990). We grant the Government's petition for certiorari and vacate the judgment of the Court of Appeals.

I

Respondent was indicted for possession of cocaine with intent to distribute. The circumstances leading to the indictment are largely uncontested. Law enforcement officers stopped respondent's car for a suspected operating violation. The officers questioned respondent and asked for permission to search the car. Respondent granted the request and a brief search was conducted but no cocaine was identified or seized. However, noting that neither respondent nor his passenger had a valid operator's license, the officers impounded the car and transported respondent and his passenger to a Western Union office. The officers then went to the towing service lot and searched the car a second time. They found cocaine in the trunk. Respondent filed a pretrial motion to suppress the evidence found in the second search.

Among the theories on which the Government originally contested the motion was that the second search had been conducted pursuant to respondent's continuing consent. However, before the District Court ruled on the suppression motion, the Government abandoned the continuing consent theory in papers filed with the court, citing a lack of legal support for its position. On November 15, 1989, after an evidentiary hearing, the District Court granted the motion to suppress and noted in its order the Government's abandonment of the continuing consent theory. 725 F. Supp. 1195, 1200 (Wyo. 1989). On December 13, 1989, the Government filed with the District Court a "Motion for Reconsideration of Suppression Order." The sole basis for the Government's motion was its reassertion of the continuing consent theory. On January 3, 1990, the District Court denied the motion. The Government noticed its appeal on January 30, 1990, less than 30 days after the denial of the motion for reconsideration but 76 days after the initial suppression order.

A divided panel of the Tenth Circuit dismissed the appeal as untimely, holding that the Government's motion to reconsider did not "toll" the 30-day period[1] to appeal which began

---

[1] Federal Rule of Appellate Procedure 4(b) provides, *inter alia:*

"When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district court within 30 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by any defendant."

Statutory authorization for the United States to appeal a suppression order is found at 18 U. S. C. § 3731:

"An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts *[sic]* suppressing or excluding evidence.

. . . . .

"The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted."

to run on the date of the initial order.[2]  In the course of its opinion, the Court of Appeals rejected the Government's argument that this Court's decisions in *United States* v. *Healy*, 376 U. S. 75 (1964), and *United States* v. *Dieter*, 429 U. S. 6 (1976) *(per curiam)*, controlled the decision.

In *United States* v. *Healy, supra,* we said:

> "The question, therefore, is simply whether in a criminal case a timely petition for rehearing by the Government filed within the permissible time for appeal renders the judgment not final for purposes of appeal until the Court disposes of the petition—in other words whether in such circumstances the 30-day period . . . begins to run from the date of entry of judgment or the denial of the petition for rehearing." 376 U. S., at 77–78.

The Court answered this question by saying that under the "well-established rule in civil cases," *id.,* at 78, the 30-day period begins with the denial of the petition for rehearing and by further observing that this Court's consistent practice had been to treat petitions for rehearing as having the

---

[2] The Court of Appeals' decision discusses the issue as a matter of whether the motion for reconsideration "tolled" the 30-day period that, by assumption, began to run with the District Court's first decision.  We believe the issue is better described as whether the 30-day period began to run on the date of the first order or on the date of the order denying the motion for reconsideration, rather than as a matter of tolling.  Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped.  See *Cada* v. *Baxter Healthcare Corp.,* 920 F. 2d 446 (CA7 1990) (discussing principles of equitable tolling).  Thus, in the present case for example, a motion to reconsider filed after 20 days, if it tolled the 30-day period to appeal, would leave at most only 10 days to appeal once the reconsideration motion was decided.  However, we previously made clear that would-be appellants are entitled to the full 30 days after a motion to reconsider has been decided. *United States* v. *Dieter,* 429 U. S. 6, 7–8 (1976) *(per curiam)* ("[T]he 30-day limitation period runs from the denial of a timely petition . . . rather than from the date of the order itself").

same effect in criminal cases. *Id.,* at 78–79. More than 12 years later, we decided *United States* v. *Dieter, supra (per curiam).* There, too, the Court of Appeals for the Tenth Circuit dismissed as untimely the Government's appeal from a District Court's order dismissing an indictment. Although the Government's notice of appeal had been filed within 30 days of a District Court order denying its "Motion to Set Aside Order of Dismissal," it was not filed within 30 days after the order of dismissal itself. The Court of Appeals held that our decision in *Healy, supra,* governed only in cases of claimed errors of law, whereas the basis of the Government's motion for reconsideration in *Dieter* was mistake or inadvertence.

We vacated and remanded the decision of the Court of Appeals, saying that it "misconceived the basis of our decision in *Healy.* We noted there that the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment non-final for purposes of appeal for as long as the petition is pending." 429 U. S., at 8. We pointed out the presumed benefits of this rule—district courts are given the opportunity to correct their own alleged errors, and allowing them to do so prevents unnecessary burdens being placed on the courts of appeals. We concluded that "the Court of Appeals' law/fact distinction—assuming such a distinction can be clearly drawn for these purposes—finds no support in *Healy.*" *Ibid.*

The Court of Appeals in the present case nonetheless determined that the 30-day period was not affected by the Government's motion to reconsider. It instead created a special rule for motions that seek reconsideration of previously disavowed theories because it concluded that suspending the time to appeal upon such motions does not further the goals described in *Dieter.* Because such motions do not serve to

permit the district court to reconsider matters initially over-looked, the Court of Appeals thought that delaying the appellate process pending resolution of such motions is unlikely to contribute to judicial efficiency. 920 F. 2d, at 706. It also noted that Government motions to reconsider a position conceded during appellate litigation are viewed with disfavor when filed before an appellate tribunal. *Ibid.* (citing *United States* v. *Smith,* 781 F. 2d 184 (CA10 1986)).

## II

We think the Court of Appeals has misread our decisions in *Healy, supra,* and *Dieter, supra.* The first of these decisions established that a motion for rehearing in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing. In *Dieter,* we rejected an effort to carve out exceptions to this general rule in the case of petitions for rehearing which do not assert an alleged error of law. We think that the Court of Appeals' present effort to carve out a different exception to the general rule laid down in *Healy* must likewise be rejected.

It may be that motions to reconsider based on previously abandoned grounds are not apt to fare well either in the district court or on appeal to the court of appeals. But if such a judgment as to the merits were allowed to play a part in deciding the time in which a denial of the motion may be appealed, it is difficult to see why a similar merits analysis should not be undertaken for all motions for reconsideration. The result would be, as the dissenting judge below pointed out, to "graf[t] a merits inquiry onto what should be a bright-line jurisdictional inquiry." 920 F. 2d, at 710 (Baldock, J., dissenting).

Undoubtedly some motions for reconsideration are so totally lacking in merit that the virtues of the rule established in *Healy* are not realized by delaying the 30-day period. If it were possible to pick them out in advance, it would be

better if litigants pursuing such motions were made to go sooner, rather than later, on their fruitless way to the appellate court. But there is no certain way of deciding in advance which motions for reconsideration have the requisite degree of merit, and which do not. Given this, it is far better that all such motions be subsumed under one general rule—the rule laid down in *Healy.* Without a clear general rule litigants would be required to guess at their peril the date on which the time to appeal commences to run. Prudent attorneys would be encouraged to file notices of appeal from orders of the district court, even though the latter court is in the course of considering a motion for rehearing of the order. Cf. *United States* v. *Ladson,* 774 F. 2d 436, 438–439, n. 3 (CA11 1985). Less prudent attorneys would find themselves litigating in the courts of appeals whether a motion for reconsideration filed in the district court had sufficient potential merit to justify the litigant's delay in pursuing appellate review. Neither development would be desirable.

The Court of Appeals' opinion can be read to hold that because the Government did not initially urge the argument which it made in its motion for reconsideration, that motion was not a "true" motion for reconsideration which would extend the time for appeal. But this method of analysis, too, would break down into subcategories the more general category of "motions for reconsideration" described in our previous opinions. Here, the Government's motion before the District Court sought to " 'reconsider [a] question decided in the case' in order to effect an 'alteration of the rights adjudicated.' " *Dieter,* 429 U. S., at 8–9 (quoting *Department of Banking of Neb.* v. *Pink,* 317 U. S. 264, 266 (1942)). That is sufficient under *Healy* and *Dieter.*[3]

---

[3] Two other concerns that animate the Tenth Circuit's decision are simply inapposite to the present case. First, there is no assertion that the Government's abandonment and reassertion of the consensual search theory was done in bad faith. We thus have no occasion to consider whether instances of bad faith might require a different result. See *United States*

The petition for certiorari is granted, respondent's motion to proceed *in forma pauperis* is granted, the judgment of the Court of Appeals is vacated, and the case is remanded to that court for further proceedings.

*It is so ordered.*

---

v. *Healy,* 376 U. S. 75, 80, n. 4 (1964). Second, only a single motion for reconsideration was filed. We thus also have no occasion to consider whether it is appropriate to refuse to extend the time to appeal in cases in which successive motions for reconsideration are submitted. See *United States* v. *Marsh,* 700 F. 2d 1322 (CA10 1983).