**Luther FOWLER, Petitioner–Appellant,**

v.

**Howard CARLTON, Warden, Respondent–Appellee.**

No. 01–6165.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

Luther Fowler, pro se, Mountain City, TN, for Petitioner–Appellant.

Braden H. Boucek, Asst. Atty. General, Office of the Attorney General, Nashville, TN, for Respondent–Appellee.

Before DAUGHTREY and MOORE, Circuit Judges, and CALDWELL,* District Judge.

PER CURIAM.

Petitioner Luther Fowler, a Tennessee state prisoner, appeals the district court's decision dismissing his petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. The petition listed several grounds for relief, but the only one raised in this appeal concerns an alleged violation under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In response, the state contends that the petitioner's notice of appeal was

not timely and that, even if it was timely, the district court's determination that Fowler's waiver of his right to counsel was knowing, intelligent, and voluntary was correct.

We find no merit to the state's claim that the notice of appeal was untimely. The district court entered the order from which Fowler appeals on June 13, 2001. In addition to granting the state's motion for summary judgment, the district court also preemptively denied any application Fowler might make for a certificate of appealability. On June 25, 2001, Fowler filed a motion to reconsider pursuant to Rule 59 of the Federal Rules of Civil Procedure. The district court denied this motion on July 16, 2001. On August 13, 2001, Fowler filed a notice of appeal that complied with the requirements set forth by Rule 3 of the Rules of Appellate Procedure.

Rule 4 of the Federal Rule of Appellate Procedure provides that a party must file a notice of appeal within 30 days from the entry of judgment or order from which the party appeals. This 30–day time period is tolled if the party timely files a motion for reconsideration pursuant to Rule 59. *See* Fed. R.App. P. 4(a)(4)(A)(iv); *United States v. Ibarra,* 502 U.S. 1,6, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991) (holding that motion for reconsideration "renders an otherwise final decision of a district court not final until it decides the petition" and thereby tolls filing time). If a party files such a motion, the 30–day period begins at the time an order is entered disposing of the motion. Fed. R.App. P. 4(a)(4)(A). Because Fowler filed his notice of appeal on August 13, 2001, *i.e.,* within 30 days of the district court's July 16 order denying his motion for reconsideration, he complied

---

* The Hon. Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

with the Rules of Appellate Procedure, and we have jurisdiction to decide his appeal.

The state might more profitably have argued that the *Faretta* claim has been procedurally defaulted, because—as the Tennessee Court of Criminal Appeals noted in its opinion affirming the denial of Fowler's state post-conviction petition— the validity of his waiver of counsel was not raised in the state court on direct appeal. Nevertheless, the Court of Criminal Appeals reviewed the issue, as did the district court in this case.

After studying the lengthy procedural history of this case, the record on appeal, and the briefs of the parties, we are not persuaded that the district court erred in denying relief on the ground that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court in *Faretta v. California*. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion filed June 13, 2001.