**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

AMIR SALES,
*Defendant-Appellant.*

No. 03-4070

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-02-4-A)

Submitted: September 30, 2003

Decided: December 15, 2003

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Christopher B. Amolsch, LAW OFFICE OF CHRISTOPHER AMOLSCH, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Amir Sales pled guilty to one count of distributing a quantity of opium in violation of 21 U.S.C. § 841(a) (2000), and was sentenced to a term of forty-six months' imprisonment.[1] After the ten-day appeal period had expired, he mailed a pro se motion for reconsideration of his sentence to the district court. The envelope was postmarked December 19, 2002, and the motion was filed on December 23, 2002. Sales challenged the quantity of opium for which he was held accountable and stated that his attorney's representation had been "completely inadequate." The district court denied the motion on December 30, 2002. On January 10, 2003, with new counsel, Sales appealed from the order denying his motion for reconsideration of his sentence.

Because Sales did not file a timely appeal from the judgment order, we lack jurisdiction to review issues relating to his sentencing. In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). These time periods are mandatory and jurisdictional. *United States v. Raynor*, 939 F.2d 191, 196 (4th Cir. 1991). Judgment was entered in Sales' case on November 25, 2002. He did not file a notice of appeal from the judgment and he does not assert that he informed his attorney that he wished to note an appeal.

A timely motion for reconsideration may extend the time for filing a notice of appeal, but Sales does not benefit from this principle.

---

[1] Under the terms of his plea agreement, Sales waived the right to appeal his sentence. However, because the joint appendix does not contain a transcript of the guilty plea colloquy, we are unable to determine whether the waiver was knowing and voluntary. *See United States v. Wessells*, 936 F.2d 165, 168 (4th Cir. 1991) (waiver is ineffective where district court fails to question defendant about it at Fed. R. Crim. P. 11 hearing). The government mentions the waiver in its brief, but does not request dismissal of the appeal.

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985), the Supreme Court has held that a motion for rehearing or reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final. *See United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to the full time period for noticing the appeal after the motion to reconsider has been decided).

For Sales' motion for reconsideration to have been timely filed under *Houston v. Lack*, 487 U.S. 266 (1988), he would have had to deliver it to prison officials for mailing by December 10, 2002, nine days before the postmark date. *See* Fed. R. App. P. 26(a) (providing that "intermediate Saturdays, Sundays, and legal holidays" are excluded only when time period is less than eleven days). Sales does not claim to have delivered the motion to prison officials by December 10, 2002. We conclude that Sales has forfeited his right to contest the district court's determination at the sentencing hearing of the quantity of opium attributable to him and his eligibility for the safety valve reduction.

Sales' appeal from the order denying his motion for reconsideration was timely. Under Rule 35(a) of the Federal Rules of Criminal Procedure, the district court may, within seven days after sentencing, correct a sentence for arithmetical, technical, or other clear error. Otherwise, the court may not alter a sentence once it is imposed unless the government files a motion for a substantial assistance departure under Rule 35(b), the case is remanded for resentencing under 18 U.S.C. § 3742 (2000), or when circumstances not present here permit sentence modification under 18 U.S.C. § 3582(c) (2000). *See United States v. Fraley*, 988 F.2d 4, 67 (4th Cir. 1993) (construing former Rule 35(c), which has not been substantively amended since). Because it lacked authority to alter Sales' sentence, the district court properly denied his motion for reconsideration.[2]

---

[2]The government suggests that the motion for reconsideration might be treated as a motion to vacate under 28 U.S.C. § 2255 (2000). Because Sales is represented in this appeal and his counsel does not characterize the motion as a § 2255 motion, we will not consider it a § 2255 motion.

We therefore affirm the district court's denial of the motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*