

Villanova University School of Law

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# Ding v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2893

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ding v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2893
_____

JIAN WEN DING,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-714-645
Immigration Judge:  Honorable Kenneth Josephson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009
Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed June 11, 2009)
_____

OPINION
_____

PER CURIAM

Jian Wen Ding, a Chinese native and citizen, petitions for review of a final order

of the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration

Judge ("IJ") of Ding's application for asylum, withholding of removal and relief under

the Convention Against Torture ("CAT").  Ding, who arrived in the United States without

being admitted or paroled as required by the INA, was charged with removability under § 212(a)(6)(A)(i) of the INA. Ding conceded the charge of removability and filed the asylum application. Before the IJ, Ding testified that he had suffered past persecution and feared future persecution by the Chinese government as a practitioner of Falun Gong. Ding testified that he began practicing Falun Gong after his cousin informed him that it could be useful in treating the pain in his joints. Ding alleged that Chinese officials arrested him twice after they discovered he was practicing Falun Gong. Ding further alleged that the Chinese authorities physically mistreated him and, upon his release, he received medical treatment in the form of "Chinese massage" and pain medication. The IJ found Ding's testimony not credible and also found that Ding failed to provide adequate corroborating evidence to support his application. Specifically, the IJ faulted Ding for failing to provide statements from his sister who lives in the United States or his parents in China corroborating his practice of Falun Gong. Ding appealed to the BIA which adopted and affirmed the IJ's decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We uphold the BIA's determinations if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008). Under the substantial evidence standard, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing INS v. Elias-Zacarias, 502 U.S.

478, 481 n.1 (1992)). Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

To be granted asylum, Ding must show that he is "unable or unwilling to return to [China] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(b)(1)(A). To be eligible for withholding of removal, Ding must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in China based on one of these protected grounds. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); see also 8 U.S.C. § 1231(b)(3)(C). For relief under the CAT, Ding must demonstrate that it is more likely than not that he would be tortured if removed to China. See 8 C.F.R. § 208.16(c)(2).

The BIA's finding that Ding's testimony was not credible is supported by substantial evidence. See Sukwanputra v. Gonzales, 434 F.3d 627, 636 (3d Cir. 2006) (an adverse credibility determination is appropriately based on inconsistent statements and contradictory evidence). Ding points out that the IJ, in making the credibility determination, relied on inconsistencies between Ding's initial interview with an immigration officer and his testimony before the IJ. In that statement, Ding told the immigration officer that he was coming to the United States to seek employment. While we have counseled against placing too much weight on a petitioner's interview with

3

immigration authorities at the point of entry, see He Chun Chen, 376 F.3d at 223-24, Ding's statement does not appear to have the type of defects which make such statements unreliable. See Balasubramanrim v. I.N.S., 143 F.3d 157, 163 (3d Cir. 1998) (airport statement unreliable where immigrant did not have translator and the interview was not accurately recorded.) In any event, the IJ pointed to other reasons for finding Ding's testimony incredible, including the lack of detail in the types of medication he received after his arrest and the lack of work history in China. Therefore, there is substantial evidence to support the IJ's adverse credibility determination.

The IJ and the BIA also faulted Ding for failing to provide corroborating evidence to support his testimony. The BIA's rule regarding corroborating evidence contemplates a three-part inquiry: "1) identification of the facts for which 'it is reasonable to expect corroboration;' 2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if [he] has not, 3) an analysis of whether the applicant has adequately explained [his] failure to do so." Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001) (citation omitted).[1] Here, the IJ found it significant that Ding failed to provide a statement corroborating his practice of Falun Gong from his sister, who lives in the United States, or his parents, who live in China but keep in regular

---

[1] The REAL ID Act of 2005, which applies here since Ding filed his application after May 11, 2005, instructs courts to defer to the trier of fact's determination on corroborating evidence. Chukwu v. Att'y Gen., 484 F.3d 185, 192 (3d Cir. 2007). The REAL ID Act, however, does not change our rules regarding the IJ's duty to develop the applicant's testimony in accordance with the Abdulai steps. Id.

4

contact with Ding. The IJ also noted that Ding failed to provide statements from doctors who treated his medical conditions in China. While Ding provided a statement from his cousin corroborating his practice of Falun Gong in China and the events surrounding his two arrests in China, it was not unreasonable for the IJ and the BIA to expect Ding to provide medical records from doctors who treated his alleged joint pain and injuries he sustained during his arrest. Further, it was not unreasonable for the IJ and the BIA to expect a statement from Ding's sister, who immigrated to the United States two months before Ding, and lived with him while he was practicing Falun Gong in China. Ding's explanation, that he did not know he was supposed to provide the corroborating evidence and that Chinese doctors do not keep records, is not adequate. Ding acknowledged that his attorney informed him to gather all available information that could be helpful to his case. Moreover, in lieu of medical records, Ding could have obtained statements from the doctors who treated him in China. Therefore, substantial evidence supports the IJ and the BIA's finding that Ding failed to provide sufficient corroborating evidence to support his testimony.

Because Ding cannot satisfy the standard for asylum, he cannot satisfy the higher burden of proof for withholding of removal. Janusiak v. INS, 947 F.2d 46, 47 (3d Cir. 1991). Nor does the record show that Ding would likely be tortured by or with the acquiescence of a Chinese official. Therefore, he is not eligible for protection under the CAT. Pierre v. Att'y Gen., 528 F.3d 180, 190 (3d Cir. 2008) (en banc).

5