ORDER
PER CURIAM.
This matter is before the court to consider the plaintiffs’ petition for permission to appeal the district court’s denial of their request for class certification filed pursuant to Fed.R.Civ.P. 23(f) and Fed. R.App. P. 5. The petition is denied.[1]
*968 I
The plaintiffs filed this action against Cox Enterprises, Inc., on behalf of themselves as well as a putative class consisting of all persons in the United States who subscribe to Cox for so-called premium cable and who paid Cox a monthly rental fee for the accompanying set-up box. In order to receive full access to Cox’s premium cable services the plaintiffs had to rent the set-up box from Cox. The plaintiffs alleged that this constituted an illegal tie-in in violation of the Sherman Act, 15 U.S.C. § 1.
Multiple class actions were originally filed in 2009 in various jurisdictions against Cox on these same grounds. At Cox’s request, the United States Judicial Panel on Multidistrict Litigation consolidated the cases and transferred them to the Western District of Oklahoma for resolution.
In 2011 the district court denied the plaintiffs’ motion for class certification. The court determined that the plaintiffs satisfied the numerosity (numbering more than 3 million), commonality, typicality, and adequacy of representation requirements of Fed.R.Civ.P. 23(a). The court, however, concluded that the determination of Cox’s market power was not amenable to proof on a classwide basis. The court also concluded that there was a lack of common evidence regarding the plaintiffs’ proffered methods of determining injury.
The court entered its order on December 28, 2011. The plaintiffs filed a motion for reconsideration on January 6, 2012, which was denied on March 28, 2012. This petition for permission was filed on April 11, 2012.
II
Fed.R.Civ.P. 23(f) provides that a “court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered.”
Cox argues that the plaintiffs’ petition for permission is untimely. It contends that, although the petition was filed within 14 days after the district court entered its order denying the motion for reconsideration, the petition is late because the motion for reconsideration merely “tolled” the time to file the petition. It contends that because the motion for reconsideration was filed 9 days after the order was entered, the plaintiffs had only 5 days remaining in which to file their petition with this court and because the petition was filed more than 5 days later, the petition is untimely. It relies on this court’s opinion in Carpenter v. Boeing Co., 456 F.3d 1183, 1192 (10th Cir.2006), in which this court stated that it assumed, without deciding, that a motion to reconsider filed within the time to appeal would toll the time limit in Rule 23(f).
The statement in Carpenter, however, was not even dictum, and therefore precise language was not essential. The precise statement of the effect of a motion to reconsider can be found in United States v. Ibarra, 502 U.S. 1, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991), which held that when a timely motion for reconsideration is filed, the time to appeal begins anew. It explained:
We believe the issue is better described as whether the [time to appeal] began to run on the date of the first order or on *969 the date of the order denying the motion for reconsideration, rather than as a matter of tolling. Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped.... However, we previously made clear that would-be appellants are entitled to the full 30 days after a motion to reconsider has been decided. United States v. Dieter, 429 U.S. 6, 7-8 [97 S.Ct. 18, 50 L.Ed.2d 8] (1976) (per curiam) (‘[T]he 30-day limitation period runs from the denial of a timely petition ... rather than from the date of the order itself.’).
Id. at 4 n. 2, 112 S.Ct. 4.
Thus, the plaintiffs had 14 days from the date the district court denied the motion for reconsideration to file their petition in this court. Because the petition was filed within that time, it was timely.
The concurrence would consider the notice of appeal timely by construing the Motion to Reconsider as one brought under Fed.R.Civ.P. 60, so that Fed. R.App.P. 4(a)(4)(B)(ii) delayed the time for appeal until the motion was decided. But Rule 60(b) is limited to relief from “a final judgment, order, or proceeding.” As the advisory committee note to the 1946 Amendment to Rule 60 states: “The addition of the qualifying word ‘final’ emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule.... ” In any event, the application of Rule 60(b) is irrelevant. As observed by the Seventh Circuit: “[Fjederal courts long have held that a motion for reconsideration tolls the time for appeal, provided that the motion is made within the time for appeal. The practice is independent of [Appellate] Rule 4(a)(4), or any other rule.” Blair v. Equifax Check Services, Inc., 181 F.3d 832, 837 (7th Cir.1999) (citations omitted).
Ill
The decision whether to grant the petition is purely discretionary. See Fed.R.Civ.P. 23(f); Vallario v. Vandehey, 554 F.3d 1259, 1262 (10th Cir.2009) (this discretion is “ ‘unfettered and akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.’ ”) (quoting Fed.R.Civ.P. 23(f) advisory committee’s note). “[C]ourts of appeals have remained ever mindful that interlocutory appeals are traditionally disfavored____” Id. “[T]he grant of a petition for interlocutory review constitutes the exception rather than the rule.” Id. (citations and quotations omitted). “We will exercise restraint in accepting Rule 23(f) petitions and will not accept such petitions as a matter of course.” Id. (citations and quotations omitted).
Upon a careful review of the materials filed with this court and the applicable law, we conclude that this matter is not appropriate for immediate review. None of the concerns noted by this court in Vallarlo to justify an interlocutory appeal is present here. See id. at 1263-64.
Accordingly, the petition is DENIED.

. Under Fed. R.App. P. 5(b)(3), "[t]he petition and answer will be submitted without oral argument unless the court of appeals orders otherwise.” Because oral argument would *968 not materially assist the determination of the appeal, we decide this matter without oral argument.