ALD-196                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2456
_____

UNITED STATES OF AMERICA

v.

RAYMOND BERNARD SHELTON
a/k/a
SHARIF RAZIN ALI,
                                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:02-cr-00189-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on June 10, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: July 9, 2021)

_____

PER CURIAM

Raymond Shelton appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which denied his motion to reconsider an order denying his motion to lift a detainer and denied his request for compassionate release. As Shelton raises no substantial question on appeal, we will grant the Government's motion to summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Shelton was convicted of federal crimes and ultimately was sentenced to 168 months of imprisonment, to be followed by three years of supervised release. See United States v. Shelton, 364 F. App'x 733 (3d Cir. 2010). In February of 2014 he was released from federal custody into state custody to serve a 17-month term for a state parole violation. He was then paroled on August 17, 2015, at which point he began to serve his term of federal supervised release. But Shelton absconded, and in May 2017, state authorities issued a warrant for his arrest for attempted murder. Shelton was apprehended in May 2019. Shelton is currently in state custody on the attempted murder charges, but a federal detainer was lodged, as he has not completed his term of supervised release for his federal conviction.

Represented by counsel, in February 2020 Shelton filed a "Motion to Modify Conditions of Release," Dkt. #273, which contained a request to have the District Court lift the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

federal detainer, conditioned on house arrest. The District Court denied the motion. Dkt. #274.

Over a month later, proceeding pro se, Shelton sent a letter to the District Court, asking it to "revisit" its order denying the motion to lift the detainer. Dkt. #275. The letter also stated that Shelton has asthma, severe allergies, and a kidney disorder, which he argued made him particularly vulnerable to COVID-19. Shelton noted that he was subject to housing in a two-person cell and conditions that precluded social distancing. He argued that if he were in federal detention, he likely would be released. He also stated that he had been re-paroled to a community corrections center and suggested that the federal detainer prevented him from being released to the center. Id.

The District Court denied the letter's requests in an order entered on May 5, 2020. The Court first stated that the pro se letter motion was improper, since Shelton was represented by counsel. Order, Dkt. #278 at 1. In the alternative, the Court denied Shelton's motion for reconsideration of the order denying his motion to lift the detainer, determining that Shelton would not be a good candidate for home release. Id. at 1-2. Finally, the Court construed the letter, in part, as a motion for compassionate release. So construed, the Court determined the relief was unavailable, as Shelton was in state, not federal, custody. Shelton moved the Court to reconsider. After the Court denied his motion on June 25, 2020, Shelton appealed. The Government moves for summary affirmance of the District Court's orders.

We have jurisdiction under 28 U.S.C. §1291. We have jurisdiction to review the District Court's May 5 order, and its June 25 order.[1] We review the District Court's decision refusing to modify Shelton's term of supervised release for abuse of discretion. See United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). We also review the denial of a motion for reconsideration for abuse of discretion. United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018). To the extent Shelton's motion was construed as a motion for compassionate release, the denial of such a motion also is reviewed for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 329–30 (3d Cir. 2020).

We agree with the Government that no substantial question is raised by Shelton's appeal, as the District Court did not abuse its discretion in any way. First, to the extent that the District Court reconsidered Shelton's request to have the federal detainer lifted, his request was in essence a motion to modify his term of supervised release. Shelton argues that the District Court lacked jurisdiction to lodge a detainer, as his term of supervised release already expired, but as the Government points out, the time that Shelton spent in state custody in 2014 cannot count against his term of federal supervised release. See 18 U.S.C. §3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime

---

[1] Shelton's motion for reconsideration, docketed at #279, was filed within 14 days of the District Court's May 5 order, thus rendering that order non-final. See United States v. Ibarra, 502 U.S. 1, 6 (1991) (per curiam) (holding that a motion for rehearing in a criminal case, filed within the time to appeal "renders an otherwise final decision of a district court not final until it decides the petition for rehearing"). We lack jurisdiction, however, to review the District Court's February 27, 2020 order denying Shelton's initial motion to lift the detainer, as Shelton did not timely file a motion that would extend the time for appeal. See Fed. R. App. P. 4(b)(3).

unless the imprisonment is for a period of less than 30 consecutive days."). Thus, his term of supervised release has not expired. And the District Court did not abuse its discretion when it determined that Shelton is not a good candidate for home release.

Second, Shelton argues that the Government breached the plea agreement by opposing his request for release from prison. But nothing in the agreement precludes the Government from so arguing—the agreement only governed what the Government could advocate as to Shelton's sentence, not what it could or could not say in response to a request for early release.

Finally, Shelton argues that the District Court abused its discretion in denying his motion for compassionate release due to the pandemic. But because Shelton is in state custody, not federal custody, we agree with the District Court that it lacked jurisdiction to consider his request.

For all of these reasons, we will affirm the District Court's orders.