**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6134**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MICHAEL JOHN MAISEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:19-cr-00003-JPB-JPM-1)

Submitted:  September 13, 2021          Decided:  September 30, 2021

Before WYNN, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael John Maisey, Appellant Pro Se.  Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael John Maisey appeals the district court's orders denying his motions for reconsideration of the court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. "[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed." *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985). The Supreme Court, however, has held that a motion for reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final. *See United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991) (per curiam) (holding that would-be appellant who files timely motion for reconsideration from criminal judgment is entitled to full time period for noticing appeal after motion for reconsideration has been decided). By extension, a motion for reconsideration in a criminal case is untimely when it is filed outside the appeal period for the underlying order or judgment.

Here, the 14-day appeal period for the order denying Maisey's second motion for compassionate release expired on October 15, 2020. *See* Fed. R. App. P. 4(b)(1)(A)(i). Maisey filed his first motion for reconsideration on November 9, 2020, and his second motion for reconsideration on January 12, 2021, both outside the appeal period for the

underlying order.[*]  We therefore affirm the district court's orders denying Maisey's motions for reconsideration on the ground that the motions were untimely.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the motions for reconsideration are the earliest dates they could have been properly delivered to prison officials for mailing to the court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).