**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELVIN UDIEL MATEO-ROBLEDO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    18-70660

Agency No. A208-548-357

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Melvin Udiel Mateo-Robledo, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 and deny the petition.

When the BIA adopts some of the IJ's reasoning and adds its own further analysis, we review both decisions. *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011). We review "denials of asylum, withholding of removal, and CAT relief for 'substantial evidence' and will uphold a denial supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (quoting *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010)). But whether a group constitutes a particular social group "is a question of law we review de novo." *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021).

1. The BIA did not err in concluding that Mateo-Robledo failed to establish eligibility for asylum or withholding of removal based on his membership in a particular social group. Mateo-Robledo contends that his proposed social group— young men from Guatemala who are of gang recruitment age and have resisted gang recruitment—is legally cognizable and that the government applies an "absurdly narrow" construction of the particularity requirement. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (noting proposed social groups must be socially distinct and defined with particularity).

But this court has rejected nearly identical proposed groups for lacking social distinction or particularity. *See, e.g., Barrios v. Holder*, 581 F.3d 849, 854–55 (9th

Cir. 2009) (rejecting petitioner's argument that young males in Guatemala who are targeted for gang recruitment but refuse to join are a particular social group), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *see also Santos-Ponce*, 987 F.3d at 890 (concluding that proposed social group of "minor Christian males who oppose gang membership" in Honduras is not sufficiently particular or socially distinct); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that the proposed social group of "young men in El Salvador resisting gang violence, is too loosely defined to meet the requirement for particularity" and "is insufficiently socially visible"), *abrogated in part on other grounds by Henriquez-Rivas*, 707 F.3d 1081.

2. The BIA also determined that Mateo-Robledo is ineligible for CAT protection, and substantial evidence supports this conclusion. In particular, Mateo-Robledo points to nothing in the record that compels the conclusion that he is more likely than not to be tortured in Guatemala or that government officials would acquiesce in the torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003); *see also Garcia-Milian,* 755 F.3d at 1031 ("In order to reverse the BIA, we must determine 'that the evidence not only supports [a contrary] conclusion, but compels it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." (emphasis removed) (quoting *INS v. Elias-Zacarias*, 502 U.S.

3

478, 481 n.1 (1992)).

**PETITION DENIED**