# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 4, 2025   Decided March 17, 2026

No. 24-5223

SAMARA L. A. SIMMONS,
APPELLANT

v.

MARCO RUBIO, SECRETARY, U.S. DEPARTMENT OF STATE,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:23-cv-03011)

*Stuart H. Deming* argued the cause and filed the briefs for appellant.

*Jeremy S. Simon*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeanine Ferris Pirro*, U.S. Attorney, and *Johnny H. Walker III* , Assistant U.S. Attorney.

Before: RAO and WALKER, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court by *Senior Circuit Judge* ROGERS.

ROGERS, *Senior Circuit Judge*: The principal issue in this appeal is whether the district court erred as a matter of law in dismissing as time-barred counts I through IV of the complaint challenging orders of the Foreign Service Grievance Board. For the following reasons, this court holds that the dismissals were error and therefore affirms in part and reverses in part.

**I.**

Appellant Samara Simmons has served as a foreign service officer at the Department of State since September 2013. During that time, according to the complaint, *Statewide Bonding., Inc. v. U.S. Dep't of Homeland Sec.*, 980 F.3d 109, 114 (D.C. Cir. 2020), she has experienced mistreatment. Compl. ¶¶ 37-74. In a second administrative grievance of July 3, 2018, Simmons alleged that her 2016 employee evaluation review ("EER") contained false and prejudicial statements and delayed her eligibility for tenure in the Foreign Service. *Id.* ¶ 79. She sought, among other relief, redaction of certain statements in the EER, with "substitution of different, more accurate language," and an extension of time to seek tenure. *Id.* ¶¶ 14, 79. The Department denied the grievance on October 22, 2018, and Simmons appealed to the Foreign Service Grievance Board. *Id.* ¶ 80.

By Order of December 13, 2019, the Board granted the Department's motion to dismiss the grievance appeal "on the condition" that the Department issue the revised EER within 10 days and extend time for Simmons to pursue reconstituted Commissioning and Tenure Board reviews. *Id.* ¶ 82. The Department, after unsuccessfully moving to dismiss the grievance appeal with prejudice based on *res judicata* and/or administrative collateral estoppel, *id.* ¶ 80, had filed a second motion to dismiss on the ground that it was "providing [Simmons] the appropriate remedies based on the claims

raised," Dep't Mem. at 1 (Sept. 25, 2019). The Department stated it was "removing the language at issue from the EER, extending [Simmons'] Limited Career Appointment (LCA) and convening a reconstituted Commissioning and Tenure Board (CTB) to account for the one and only CTB that reviewed the original EER." *Id.* The Board found that Simmons had accepted the relief proposed by the Department but claimed she was entitled to additional redactions and specific statements in the EER. Order at 7-8 (Dec. 13, 2019).

A series of motions followed that resulted in four orders (italicized below) that Simmons challenged in the district court.

On January 10, 2020, Simmons filed a petition for attorney's fees as the "prevailing party." The Department moved for reconsideration of the Board's Order to clarify that the provided relief was voluntary. *See* Compl. ¶ 83. Arguing the Board lacked jurisdiction, and therefore was precluded "from taking further action relating to the substantive claims presented beyond dismissal," the Department requested the Board "rescind[] its directives to the Department to take certain actions and order[] the grievance appeal dismissed without further condition." Dep't Mem. at 1-2 (Feb. 20, 2020). On April 22, 2020, the Board granted reconsideration "to correct clear errors" and issued an amended order stating that it was "not hereby directing the Department to take the actions it has offered to take" and Simmons' "requests for relief will become moot once the relief has been completely provided as offered." *Order* at 9, 12 (Apr. 22, 2020). Further, the Board stated that Simmons could file "a motion to reassess the status of this grievance appeal" if the Department failed "to complete any of its offers of relief." *Id*. at 13. Simmons could also file a revised petition for attorney's fees within 20 days. *Id.*

4

On July 23, 2020, the Board denied Simmons' renewed petition for attorney's fees, filed on May 12, 2020. *Order* at 13-14 (July 23, 2020). Simmons was not a "prevailing party," the Board explained, because the Board had not directed the Department to provide relief and instead "essentially stayed this litigation until the Department decides whether to provide what it has offered and, if it chooses, delivers on that promise" and moot the case. *Id.* at 9, 12 (citing as to attorney's fees *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)).

On September 16, 2022, the Board denied Simmons' motion of October 26, 2021, to reassess the status of the grievance appeal, which asserted that the Department had not provided all promised relief. *Order* at 19 (Sept. 16, 2022); Compl. ¶ 95. The Board concluded that the Department had "provided all the relief it offered" and stated that "the case is now closed." *Order* at 19 (Sept. 16, 2022).

On April 12, 2023, the Board denied Simmons' motion of December 14, 2022, for reconsideration, reiterating that "the case is now closed" and adding that "[t]he parties are enjoined from filing any motions, or otherwise-captioned filings." *Order* at 15 (April 12, 2023).

Simmons filed a five-count complaint in the district court on October 10, 2023.[1] She alleged that the Board's denials of

---

[1] The complaint alleged that the Board erred by: Count I, granting the Department's motion for reconsideration on April 22, 2020, clarifying that no relief was being directed. Count II, denying her revised petition for attorney's fees on July 23, 2020. Count III, denying her motions to reassess the status of the grievance appeal on September 16, 2022, and for reconsideration on April 12, 2023. Count IV, denying those two motions without considering the unjust circumstances. Count V, denying her an opportunity to file a

her motions were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and requested reversal of the denial of attorney's fees and costs as well as the opportunity to seek attorney's fees and costs, and reversal of the Board decisions that failed to correct procedural errors in considering her for promotion and bidding opportunities. She sought declaratory and injunctive relief for violations of the Foreign Service Act, 22 U.S.C. § 3901, *et seq*., the Procedural Due Process Clause of the Fifth Amendment of the Constitution, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.* The Department moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the ground some claims were time-barred or the court lacked jurisdiction.

The district court granted the Department's motion to dismiss the complaint, without prejudice. *Simmons v. Blinken*, No. 23-cv-3011, 2024 WL 3741409, at *5 (D.D.C. Aug. 9, 2024). Applying principles of equitable tolling, the court ruled that the challenges in counts I through IV of Simmons' complaint were time-barred. *Id.* at *3-4. The Foreign Service Act's 180-day limitation period began running on September 16, 2022, when the Board closed the administrative case, and, the court concluded, it was only paused during the pendency of Simmons' motion for reconsideration, which was filed on December 14, 2022, and denied on April 12, 2023. *Id.* Consequently, because the limitations period ran for 88 days, between September 16 and December 14, 2022, Simmons' challenges were untimely when the limitations period ran for another 180 days, between the Board's April 12 denial of reconsideration and October 10, when Simmons filed her complaint. *Id.* at *4. The court also concluded that it lacked

---

renewed petition for attorney's fees based on the April 12, 2023, injunction barring further filings.

jurisdiction to consider Simmons' challenge in counts III and IV to the denial of her motion for reconsideration because it found there was no clear indication the Board intended to reopen the case on April 12, 2023. *Id.* Finally, the court dismissed count V's challenge to the Board's injunction barring further filings for lack of jurisdiction; Simmons lacked a right to submit further filings under the Board's rules, which preclude filing multiple motions for reconsideration and untimely motions without prior approval or exceptional circumstances, which she had not pled. *Id.* at *5.

## II.

On appeal, Simmons contends that the district court erred as a matter of law in dismissing as time-barred in counts I-IV challenging the Board Orders of April 22, 2020 (granting the Department's motion for reconsideration), July 23, 2020 (denying attorney's fees), and September 16, 2022 (denying the motion to reassess her grievance appeal), and in dismissing as unreviewable count V's challenge to the injunction barring further filings. Appellant Br. at 11-13. Simmons does not appeal the dismissal of her challenge to the April 12, 2023, Order (denying her motion for reconsideration). *Id*. at 21-22.

This court reviews "*de novo* a district court's dismissal [of claims] for lack of jurisdiction." *Statewide Bonding*, 980 F.3d at 114. The court also reviews "*de novo* the merits of a motion to dismiss for failure to state a claim upon which relief can be granted," assuming "the truth of the plaintiff's well-pleaded factual allegations in the complaint." *Id.*; *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006). "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein and matters of which it may take judicial notice." *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059

(D.C. Cir. 2007) (quoting *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006)).

**A.**

The Foreign Service Act provides that an "aggrieved party may obtain judicial review of a final action of the Secretary [of State] or the [Foreign Service Grievance] Board on any grievance in the district courts of the United States in accordance with the standards set forth in [the APA], if the request for judicial review is filed not later than 180 days after the final action of the Secretary or the Board." 22 U.S.C. § 4140(a). Simmons filed her complaint on October 10, 2023, which was 180 days after the Board denied her motion for reconsideration on April 12, 2023 (excluding October 9, 2023, which was Columbus Day, a federal holiday, FED. R. CIV. P. 6(a)(1), (6)). She contends that counts I to IV challenging the Orders of April 22, 2020, July 23, 2020, and September 16, 2022, were timely filed because the statute of limitations reset on April 12, 2023. Appellant Br. at 15-21. The government maintains these challenges are time-barred because the statute of limitations began to run following the September 16, 2022, Order and was only paused during the period in which the Board evaluated Simmons' December 14, 2022, motion for reconsideration. Appellee Br. at 15-25.

In *Outland v. Civil Aeronautics Board*, 284 F.2d 224 (D.C. Cir. 1960), this court considered the effect of a motion for rehearing on the finality of agency action. The court determined that "[w]here a motion for rehearing is in fact filed there is no final action until the rehearing is denied," because reconsideration brings the "possibility that the order complained of will be modified in a way which renders judicial review unnecessary." *Id.* at 227-28. Ordinarily, then, "when a motion for rehearing is made, the time for filing a petition for

judicial review *does not begin to run* until the motion for rehearing is acted upon by the Board." *Id.* at 228 (emphasis added).

In *Interstate Commerce Commission v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 285 (1995), the Supreme Court cited *Outland* with approval. There, the Hobbs Act, 28 U.S.C. § 2344, provided a 60-day period in which to seek judicial review of the Interstate Commerce Commission's ("ICC") order of May 18, 1983. The Supreme Court held that the December 16, 1983, petition for judicial review was timely because the ICC order only became final on October 25, 1983, when the ICC denied reconsideration, and less than 60 days had passed since then. *Id.* at 277, 284-85. The Court cited *Outland* and other cases for the proposition that petitions for reconsideration render "the orders under reconsideration nonfinal." *Id.* at 285. In other words, the Court adopted the same conclusion as in *Outland*: the denial of a petition for reconsideration reset the statute of limitations for seeking judicial review, and a petition for judicial review under the Hobbs Act filed within 60 days of the reconsideration order was timely. *See id.* at 284-85. The Court described its holding in *Stone v. Immigration and Naturalization Service*, 514 U.S. 386, 392 (1995), as providing that under the APA and the Hobbs Act, the "timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review."

The government maintains that *Outland* has been overruled by *Artis v. District of Columbia*, 583 U.S. 71 (2018). Appellee Br. at 21. This overlooks a key distinction. In the district court, Simmons argued that filing a motion for reconsideration rendered nonfinal the underlying agency order and "tolled" the 180-day period. Opp'n to Mot. to Dismiss at 27-29. According to the government, the Board's denial of Simmons' motion for reconsideration did not reset the statute

of limitations because the Supreme Court in *Artis* had construed "tolling" to refer to a pause of the limitations period, not a reset. Appellee Br. at 15. In *Artis*, 583 U.S. at 74, the Court was construing a different statute, 28 U.S.C. § 1367(d), regarding the limitations period for state law claims refiled in state court after being dismissed in federal court, and was not presented with the question whether a motion for reconsideration in an APA case renders the underlying agency order nonfinal and resets the statute of limitations. *Artis* leaves undisturbed the relevant distinction, which the Supreme Court restated in *Nutraceutical Corp. v. Lambert*, 586 U.S. 188 (2019):

> A timely motion for reconsideration filed within a window to appeal does not toll anything; it "renders an otherwise final decision of a district court not final" for purposes of appeal. In other words, it affects the antecedent issue of when the [statute of limitations] limit begins to run, not the availability of tolling.

*Id.* at 197 (quoting *United States v. Ibarra*, 502 U.S. 1, 4 n.2 & 6 (1991)).

The government's focus on "tolling" is therefore misplaced, and *Ibarra* does not support the district court's dismissal of counts I-IV as untimely. *Cf. Simmons*, 2024 WL 3741409, at *3 (citing *Ibarra*, 502 U.S. 1, 4 n.2). Simmons' motion for reconsideration of denial of her motion to reassess the status of the grievance appeal rendered the denial nonfinal for purposes of judicial review, and a new limitations period began to run on April 12, 2023.

The government's position that Simmons forfeited the finality argument by failing to advance it in the district court, Appellee's Br. at 19 (citing *Chichakli v. Tillerson*, 882 F.3d

229, 234 (D.C. Cir. 2018)), is not well taken. In opposing the government's motion to dismiss, Simmons cited a series of cases on finality, including *Locomotive Engineers*, and quoted *Stone* for the proposition that ordinarily "the timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review." Opp'n to Mot. to Dismiss at 28 (quoting *Stone*, 514 U.S. at 392). The issue was properly teed-up for the district court.

Therefore, Simmons' APA claims in counts I-IV challenging the Board's Orders were timely filed. On December 14, 2022, Simmons filed a motion, for reconsideration of the September 16, 2022, Order, denying her motion to reassess the dismissal of the grievance appeal, within the 90-day period the Board permits. *See* Board Policies and Procedures § 7.7. The timely motion for reconsideration rendered the September 16, 2022, Order "nonfinal for purposes of judicial review." *Stone*, 514 U.S. at 392. The 180-day limitations period under the Foreign Service Act began to run upon the Board's denial of reconsideration on April 12, 2023. *See Outland*, 284 F.2d at 228. Simmons filed her complaint October 10, 2023, just within the 180-day limitations period of 22 U.S.C. § 4140(a), excluding Columbus Day, FED. R. CIV. P. 6(a)(1), (6).

## III.

Simmons also challenges the dismissal of count V of the complaint, arguing that the Board's rules gave her the right to file a second petition for attorney's fees following the September 16, 2022, Order closing the case, or alternatively to seek permission to file a second motion for reconsideration following the April 12, 2023, Order denying reconsideration. Appellant Br. at 27-31. The district court dismissed count V because "administrative orders are not reviewable unless and

until they impose an obligation, *deny a right* or fix some legal relationship as a consummation of the administrative process," and Simmons had not shown she has been denied a right under the Board's rules by being prohibited from submitting further filings. *Simmons*, 2024 WL 3741409, at \*5 (quoting *Chicago & Southern Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 112-13 (1948)). Although the district court relied on the reviewability standard for administrative orders addressed in *Chicago & Southern Air Lines*, 333 U.S. at 112-13, *id.*, this court may properly affirm the dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, *Trudeau*, 456 F.3d at 187-89.

Under the Board's regulations, a "prevailing employee" may file a petition for attorney's fees "within 30 days of the Board's Decision or Order." Board Policies and Procedures § 7.8. Simmons claims Section 7.8 supplied her with "the right to file a petition" for attorney's fees following the September 16, 2022, Order denying her motion to reassess the status of the grievance appeal and closing the case. Appellant Br. at 27-28. But the Board had explained that "she simply does not establish that she is a prevailing party under any understanding of the *Buckhannon* principles." *Order* at 13 (July 23, 2020). Even assuming Simmons could be deemed a "prevailing employee" following the September 2022 Order, which ruled against her, she failed to file a new petition for attorney's fees "within 30 days of the Board's Decision or Order" as Section 7.8 requires. Simmons suggests that a petition would be timely even if filed outside the 30-day window provided by the Board regulations, pointing to precedent construing Federal Rules of Civil Procedure 50(b), 52(b), and 59. Appellant Br. at 29-30 (citing *Radtke v. Caschetta*, 822 F.3d 571, 574 (D.C. Cir. 2016)). Yet Simmons offers nothing to show that the Board has adopted that precedent generally, much less in construing Section 7.8.

Simmons' position that the Board's regulations afforded her the right to seek permission to file a second motion for reconsideration, following the Board's April 12, 2023, Order denying her motion for reconsideration, also fails. Simmons points to no requirement to support her interpretation. The relevant regulation provides: "A party may not file more than one Motion for Reconsideration of any Decision or Order unless that party has obtained prior permission of the Board to file a subsequent Motion for Reconsideration of that Decision or Order, which will be granted only in exceptional circumstances." Board Policies and Procedures § 7.7. Absent a regulatory requirement, the Board's "denial of successive requests for reconsideration of the same decision" is unreviewable because such docket control is committed to agency discretion by law. *Egan v. U.S. Agency for Int'l Dev.*, 381 F.3d 1, 5 (D.C. Cir. 2004) (citation omitted).

Simmons further maintains that the injunction violated the APA because the Board provided "no explanation" for its issuance, which she characterizes as a "diverge[nce] from an established practice or policy." Appellant Br. at 24 (citing *Public Service Co. of Indiana v. FERC*, 584 F.2d 1084, 1088 (D.C. Cir. 1978); then citing *Boston Edison Co. v. FPC*, 557 F.2d 845 (D.C. Cir. 1977), and *Greater Boston Television Corp. v. FCC*, 444 F.2d 841 (D.C. Cir. 1970)). That contention is belied by the record. Simmons did not plausibly allege in her complaint that the injunction diverged from the Board's regulations or that the Board was required to explain the injunction when the Board had previously explained in denying her prior petition for attorney's fees and her motion for reconsideration of closure of the case that she was not a prevailing party under *Buckhannon*. The Board's reasoning was effectively "self-explanatory" under the circumstances. *Tourus Recs., Inc. v. Drug Enf't Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001) (quoting 5 U.S.C. § 555(e)).

Simmons' separate procedural due process argument fares no better. Appellant Br. at 26. "For a property interest to be constitutionally protected by procedural due process, a person must 'have a legitimate claim of entitlement to it,' beyond 'an abstract need or desire.'" *Langeman v. Garland*, 88 F.4th 289, 295 (D.C. Cir. 2023) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). That claim must arise from "an independent source such as state law," and "the independent source must place 'substantive limitations on official discretion'" by "contain[ing] explicitly mandatory language." *Id.* (quoting *Roth*, 408 U.S. at 577; then quoting *Wash. Legal Clinic for the Homeless v. Barry*, 107 F.3d 32, 36 (D.C. Cir. 1997); and then quoting *Tarpeh-Doe v. United States*, 904 F.2d 719, 723 (D.C. Cir. 1990)). Simmons fails to show that the Board's regulations include mandatory terms in her favor related to attorney's fees or reconsideration. The court therefore affirms the dismissal of count V pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. *Trudeau*, 456 F.3d at 187.

Accordingly, the court affirms the decision of the district court except it reverses as described the dismissals of counts I through IV of the complaint regarding the Board Orders of April 22, 2020; July 23, 2020; and September 16, 2022, and remands for further consideration by the district court.