Gonzalez v. Garland

BIA
Straus, IJ
A208 484 627

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-four.

PRESENT:
JOSEPH F. BIANCO,
STEVEN J. MENASHI,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

JOSE M. GONZALEZ,
*Petitioner,*

v.                                                                22-6157
                                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Law Offices of Jon E. Jessen, LLC, Stamford, CT.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose M. Gonzalez, a native and citizen of Guatemala, seeks review of a March 9, 2022, decision of the BIA affirming a February 21, 2019, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jose M. Gonzalez*, No. A 208 484 627 (B.I.A. Mar. 9, 2022), *aff'g* No. A 208 484 627 (Immig. Ct. Hartford Feb. 21, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e. minus the credibility and corroboration findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly,

2

we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted). We review questions of law and the application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Gonzalez alleged he was threatened, kidnapped, and attacked for dating the ex-girlfriend of a gang member and he claimed that this harm was on account of his membership in the particular social group of "well-known and famous individuals targeted by gangs for personal revenge" because he was a wrestler who medaled in international competitions. Petitioner's Br. 23.

I.   **Withholding of Removal**

An applicant for withholding of removal has the burden to establish past persecution or "a clear probability of future persecution," *Jian Liang v. Garland*, 10 F.4th 106, 112 (2d Cir. 2021) (quoting *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018)); *see also* 8 C.F.R. § 1208.16(b), and that "race, religion, nationality, membership in a particular social group, or political opinion" is "one central reason" for that persecution, 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R.

3

§ 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (upholding BIA's application of asylum's "one central reason" standard to withholding of removal). "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of h[is] membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (internal quotation marks and citation omitted).

Gonzalez does not challenge the agency's determination that he did not establish that his membership in his proposed social group was "one central reason" why gang members kidnapped and beat him. Accordingly, he has abandoned review of this dispositive nexus determination. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (internal quotation marks omitted).

Even if not abandoned, Gonzalez failed to establish that gang members beat and kidnapped him on account of his membership in his particular social group. He had the burden of providing "*some* evidence [], direct or circumstantial" that he was attacked because of his group membership. *INS v. Elias-Zacarias*, 502 U.S.

4

478, 483 (1992); *see Paloka*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the views and motives of the persecutor.") (internal quotation marks omitted). To the contrary, Gonzalez testified that the "main reason" gang members targeted him was because he was dating the ex-girlfriend of a gang member, a motivation based on a personal dispute, not on account of his status as a well-known wrestler. Certified Admin. R. 88.

## II. CAT Relief

To be eligible for CAT relief, an applicant has the burden to show that he will "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "In assessing whether it is more likely than not that an applicant would be tortured . . . all evidence relevant to the possibility of future torture shall be considered, including . . . [e]vidence of past torture inflicted upon the applicant," ability to relocate within the country, "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3).

The agency reasonably concluded that Gonzalez did not meet his burden to establish likely torture or that the government would acquiescence to his torture.

5

As the agency concluded, 12 years had passed since the incident and Gonzalez had no evidence that the gang member behind his attack remained interested in harming him. Further, because the "the primary perpetrator of likely harm is a gang, the relevant state-action question . . . is whether any public official, or any other person, including low-level local police officers, when acting under color of law, will participate or acquiesce in harm that the gang is likely to inflict." *Garcia-Aranda v. Garland*, 53 F.4th 752, 761 (2d Cir. 2022). Gonzalez did not allege that he feared any public officials, he did not report any harm or threats to the police, and he did not know if his girlfriend did because he had no contact with her following the assault. Thus, his assertion that the police would not act if he reported gang violence is speculative. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Absent "particularized evidence" that the authorities will acquiesce to his torture, his general country conditions evidence of human rights violations in Guatemala is insufficient to establish government acquiescence. *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that where "the agency's conclusion finds support in record evidence, [an applicant] cannot secure CAT

6

relief by pointing to conflicting evidence that might support—but not compel—a different conclusion").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7