Singh v. Bondi

BIA
Christensen, IJ
A208 562 570

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

KARANPAL SINGH,
> *Petitioner,*

v.                                                          23-6548

                                                            NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jatinder S. Grewal, Esq., Pannun The Firm, P.C., East Elmhurst, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Karanpal Singh, a native and citizen of India, seeks review of a May 2, 2023 decision of the BIA affirming a July 18, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karanpal Singh*, No. A208 562 570 (B.I.A. May 2, 2023), *aff'g* No. A208 562 570 (Immigr. Ct. N.Y.C. July 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA and consider only the grounds that the BIA relied on as dispositive of asylum and withholding of removal.* *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

---

* Petitioner has not challenged the denial of his CAT claim.

We review the agency's factual findings under the substantial evidence standard and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, an applicant must prove that he "suffered past persecution . . . or . . . has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). Similarly, an applicant for withholding of removal must establish either past persecution or that he will "more likely than not" be persecuted in the future. *Id*. § 1208.16(b)(1), (2). An applicant for asylum and withholding of removal has the burden to show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that "one central reason" standard applies to both asylum and withholding). The protected ground "must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted," that is, the protected ground "cannot be a minor, incidental, or tangential reason for the

3

harm." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

Substantial evidence supports the agency's conclusion that Singh failed to establish that his support for the Mann Party was at least one central reason for his persecution. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). Singh's testimony does not establish that he was targeted because of his political beliefs or identity. Singh alleged that the Badal Party generally threatens and attacks people in the manner that he was attacked, but the details he gave of his attacks did not demonstrate that his attackers were threatening him and trying to force him to take drugs because of his support for the Mann Party. His testimony relates only to the nature of the attackers' political opinion; it does not indicate that Singh was attacked because of his own political opinion or his association with the Mann Party. *See Yueqing Zhang*, 426 F.3d at 545 ("[T]o establish persecution 'on account of' political opinion . . . , an asylum applicant must show that the persecution arises from his or her own political opinion."); *see also INS v. Elias-Zacarias*, 502 U.S.

4

478, 482 (1992) (explaining that "the mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [a petitioner] fears persecution on account of political opinion"). Singh's contention that his attackers knew his father was a member of the Mann Party is insufficient to show that his own affiliation with the Mann Party was one central reason for his alleged persecution: he averred that his attackers were trying to get him to use drugs and did not mention the Mann Party during the attack. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (Where "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure . . . relief by pointing to conflicting evidence that might support—but not compel—a different conclusion."). The record thus lacks evidence that Singh's political affiliation or links to the Mann Party was the motive for the attacks. Accordingly, the agency did not err in concluding that he failed to establish that his political opinion was the "one central reason" for the past harm. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court